612 F.2d 881
 103 L.R.R.M. (BNA) 2221, 87 Lab.Cas. P 11,765
 J. P. STEVENS & CO., INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Amalgamated Clothing and Textile Workers Union, AFL-CIO, Intervenor.
AMALGAMATED CLOTHING and TEXTILE WORKERS UNION, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 79-1050, 79-1248.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1979.
Decided Jan. 8, 1980.
 
 Lewis T. Smoak, Greenville, S. C. (M. Baker Wyche, III, Ogletree, Deakins, Smoak, Stewart & Edwards, Greenville, S. C., on brief), for petitioner.
 James B. Coppess, Atlanta, Ga. (Arthur M. Goldberg, Joel R. Ax, New York City, William A. McHugh, Jr., Adair, Goldthwaite & Daniel, P. A., Atlanta, Ga., on brief), for intervenor-petitioner.
 Allison Beck, N. L. R. B., Washington, D. C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Howard E. Perlstein, N. L. R. B., Washington, D. C., on brief), for respondent.
 Before BUTZNER and PHILLIPS, Circuit Judges, and WALTER E. HOFFMAN, Senior District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 J. P. Stevens & Co., Inc., petitions for review of a corporate-wide remedial order for violations of § 8(a)(1) of the National Labor Relations Act. The Board affirmed the administrative law judge's findings that the employer had coercively interrogated employees about union activities, threatened employees with reprisals because of their union activities, and interfered with, restrained, and coerced employees in the exercise of their rights under § 7 of the Act. The Amalgamated Clothing and Textile Workers Union, as intervenor, challenges the Board's failure to find additional violations and its omission of reasons for denying the Union's motions to remand and for litigation costs.
 
 
 2
 Upon consideration of the record, briefs, and arguments, we conclude that substantial evidence supports the Board's order.
 
 
 3
 J. P. Stevens & Co. complains of the extraordinary nature of the relief granted for acts occurring only at its Tifton, Georgia plant. A reviewing court, however, must give deference to the Board's discretion in fashioning remedies for unfair labor practices. Fibreboard Corp. v. Labor Board, 379 U.S. 203, 215-17, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964); J. P. Stevens & Co., Inc. v. N. L. R. B., 406 F.2d 1017, 1022 (4th Cir. 1968). We conclude that the Board acted within its discretion to remedy those unfair practices established in the record.
 
 
 4
 After the administrative law judge rendered his decision in December 1977, the Union moved to reopen the proceedings to obtain a bargaining order because it allegedly achieved majority status. It asked the Board to remand this issue to the administrative law judge. The Board denied the motion explaining that it was "lacking in merit." We find no error in this ruling. Since the § 8(a) (1) violations occurred in May and June 1976 and the alleged majority was obtained subsequently in November 1977, it is evident that the unfair labor practices neither undermined majority strength nor demonstrated any impediment to an election. The Board's ruling that the motion lacked merit, therefore, was appropriate. See N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 610-16, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).
 
 
 5
 The Board's failure to discuss its denial of litigation expenses is also harmless. It is readily apparent from standards established in other Board cases that costs are awarded only for frivolous or dilatory litigation. Heck's Inc., 215 NLRB 765 (1974); Tidee Products, Inc., 194 NLRB 1234 (1972). The issues in this case have proven to be arguable and brought in good faith. In this respect the case differs from J. P. Stevens & Co., 239 NLRB No. 5 (1978), in which fees were allowed. Since the request for fees and expenses is ancillary to the major questions presented, the omission of any discussion of these established standards does not warrant remand.
 
 
 6
 ENFORCEMENT GRANTED.